**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ZONGJIAN HAN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-72600<br><br>Agency No. A099-905-736<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2016**
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Zongjian Han petitions for review of the Board of Immigration Appeals'

dismissal of his appeal. We have jurisdiction under 8 U.S.C. § 1252. We deny the

petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Han argues that the BIA erred in affirming the Immigration Judge's adverse credibility determination. We review adverse credibility determinations for substantial evidence. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We will only reverse if the record compels the conclusion that the adverse credibility determination was incorrect. 8 U.S.C. § 1252(b)(4)(B); *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

When reviewing adverse credibility determinations, we look first to the reasons given by the BIA. *Lai*, 773 F.3d at 970. We then look to the IJ's oral decision for an explanation of those reasons. *Id.*

The BIA gave two reasons for affirming the adverse credibility determination: 1) Han's testimony was that his wife's abortion was in April 2002, but medical records showed it was in June 2002; and 2) Han's evasive and conflicting testimony about where he lived, and his church attendance. Han initially claimed that he had been attending Mulin Church, in the Los Angeles area, for the past two years, but later admitted that he had been living in Texas for the past year.

Both reasons were supported by substantial evidence. Han testified that his wife's forced abortion was an important event in his life. The abortion caused Han to lose his job and become depressed, which led to his discovery of Christianity.

2

Getting the date of that important event wrong by two months was not a "trivial" inconsistency. *See Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010) (holding that an IJ may base an adverse credibility determination on a "minor" inconsistency, but not a "trivial" one). The IJ gave Han an opportunity to explain this inconsistency. *See id.* at 1044 (holding that an IJ must consider an applicant's explanation for any inconsistencies). Han's explanation was that he forgot the exact date. The IJ did not err by finding this unconvincing.

The second inconsistency was also not "trivial." Han's practice of the Christian faith was an important element of his claim. Whether Han had been attending the Mulin Church for the past year, or living in Texas and not attending the Mulin Church, was an important fact. The IJ gave Han an opportunity to explain this inconsistency, but found Han's explanations evasive. The record does not compel the opposite conclusion.

The IJ and BIA did not err in finding that Han failed to meet his burden of proof.

Han also argues that the IJ erred in failing to give him notice that additional corroborating evidence was needed. We reject the argument. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should

3

provide evidence that corroborates *otherwise credible testimony . . .*") (emphasis added).  Han was not credible.  No notice was required.

**DENIED**.



*Zongjian Han v. Lynch*, No. 12-72600

Bea, J., concurring in the result:

I agree with the result reached by the panel's memorandum disposition.  I think that Han's mistake of two months on the date of his wife's abortion after nine years was trivial, however, and should not have formed a basis for an adverse credibility determination.  *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011).  But I conclude the BIA's affirmance of the IJ's adverse credibility determination was supported by substantial evidence because of Han's contradictory and evasive testimony regarding his place of residence and church attendance in the United States.